IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN D. and HILARY S., individually and on behalf of J.D., a minor;<br><br>Plaintiffs;<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF SOUTH COROLINA and THE GROUP MEDICAL BENEFITS PLAN FOR THE EMPLOYEES OF NELSON, RILEY & SCARBOROUGH, L.L.P.;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO TRANSFER VENUE<br><br><br>Case No. 2:19-cv-00268-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is the defendants' motion to transfer venue. [Docket 6]. The court GRANTS the motion and transfers this case to the Middle District of Tennessee.

## BACKGROUND

Kevin D. and Hilary S. are the parents of J.D., who is minor. They reside in Tennessee. Kevin D. participates in a self-funded employee welfare benefits plan (Plan). He and his family receive healthcare coverage through the Plan, which is administered in the State of South Carolina by Blue Cross and Blue Shield of South Carolina (Blue Cross).

Kevin D. and Hilary S. enrolled J.D. in a residential treatment facility in New Mexico so that he could receive mental health treatment. On June 1, 2016, Blue Cross decided that the Plan would no longer pay for J.D.'s treatment. After unsuccessfully appealing from this denial of coverage, Kevin D. and Hilary S. sued Blue Cross and the Plan in Utah under the Employee Retirement Income Security Act of 1974 (ERISA).

The defendants moved to transfer venue under 28 U.S.C. § 1404(a). They argued that the case had little or no connection to Utah and that the case should be transferred to the District of South Carolina, the state where the decision to deny coverage was made. In the alternative, the defendants argued that the case should be transferred to the Middle District of Tennessee, where the plaintiffs reside. The plaintiffs did not oppose the defendants' motion to transfer venue. But they requested that the case be transferred to the Middle District of Tennessee rather than the District of South Carolina.

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In deciding whether to transfer venue, the court weighs the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

In this case, the plaintiffs concede that the case should be transferred. The only question is where. The plaintiffs assert that the case should be transferred to the Middle District of Tennessee, where they reside. The defendants argue that the case should be transferred to the District of South Carolina where they reside and where the decision to stop covering J.D.'s treatment was made.

In determining where to transfer this case, the court applies the same factors used to determine whether a transfer of venue should be granted. The court, therefore, first looks to the plaintiffs' choice of forum. Although this factor typically favors the forum where the case was filed, the plaintiffs have conceded that the case should be transferred out of this district. The plaintiffs have instead expressed their preference that the case be transferred to the Middle District of Tennessee. Although technically this is the plaintiffs' second choice, the court finds that the plaintiffs' preference is entitled to deference. There is no indication that by choosing their home forum the plaintiffs are choosing an inconvenient forum to "'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (citation omitted). Indeed, the defendants concede that the Middle District of Tennessee is an appropriate forum for this case—just not their preferred forum.

"[T]he plaintiff's choice of forum should rarely be disturbed." *Employers Mut.*, 618 F.3d at 1167; *accord Gulf Oil Corp*, 330 U.S. at 508. Only if the other factors strongly favor another forum should a court transfer a case to a defendant's preferred forum. *Id.* Here, the venue transfer factors do not strongly favor South Carolina over the Middle District of Tennessee.

The accessibility of witnesses factor, the cost of making the necessary proof factor, and the relative advantages and obstacles to a fair trial factor are all neutral because of the nature of this case. The plaintiffs' ERISA claims rest upon the administrative record of Blue Cross's denial of benefits decision. Because the administrative record usually cannot be supplemented, *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1309 (10th Cir. 2007), issues related to witnesses, the cost of making proof, and a trial are largely irrelevant, see *Danny P. v. Catholic Health Initiatives*, No. 1:14-CV-00022-DN, 2015 WL 164183, at *2 (D. Utah Jan. 13, 2015). An electronic copy of the

administrative record can be filed and reviewed in the Middle District of Tennessee just as easily as it can be filed and reviewed in the District of South Carolina.

The enforceability of a potential judgment factor is also neutral. The defendants argue that this factor favors South Carolina because it would be easier to enforce a judgment in the state where the defendants reside. But the defendants have not shown any significant impediments to enforcing a judgment rendered by a Tennessee federal court. Moreover, this factor is meant to aid plaintiffs by favoring venues where they are able to obtain meaningful relief. It makes no sense to use the enforceability factor to force a plaintiff to litigate in a defendant's preferred forum.

The congested dockets factor is likewise neutral. The defendants have provided statistics showing that the District of South Carolina is about as congested as the District of Utah. But the defendants do not provide any statistics for the Middle District of Tennessee. Thus, the defendants have not met their burden of showing that the congestion factor weighs against the plaintiffs' chosen forum.

Finally, the conflict of laws factor and the local law factor are neutral because this case involves the application of federal ERISA law. *See Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, No. 2:17-CV-1236 TS, 2018 WL 1406600, at *6 (D. Utah Mar. 19, 2018).

In sum, the venue transfer factors do not strongly favor the District of South Carolina over the plaintiffs' chosen forum, the Middle District of Tennessee. The court, therefore, grants the defendants' motion to transfer venue, but transfers the case to the plaintiff's preferred alternative venue of the Middle District of Tennessee.

DATED October 22, 2019.

        BY THE COURT

        _____
        Jill N. Parrish
        United States District Court Judge